# EXHIBIT 7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 23 2006

ALAN SLATER, Clerk of the Court

BY: L. HOYLE ,DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| In re KEITH MacMEEKIN, ) | Orange County Superior Court |
| ) | Case Number:  M-10959 |
| Petitioner, ) | (C-58263) |
| ) | |
| ) | **ORDER DENYING** |
| ON HABEAS CORPUS ) | **HABEAS CORPUS** |
| ) | |

**TO THE OFFICE OF THE ORANGE COUNTY DISTRICT ATTORNEY AND PETITIONER:**

HAVING REVIEWED THE ABOVE CAPTIONED PETITION FOR WRIT OF HABEAS CORPUS AND EXHIBITS SUBMITTED IN SUPPORT THEREOF, THE COURT MAKES THE FOLLOWING ORDER:

I.

    In 1986, petitioner was convicted of the second degree murder of his mother and sentenced to a term of 15 years to life in state prison with the possibility of parole.

    The Board of Parole Hearings found petitioner unsuitable for release on parole following a March 14, 2006 subsequent parole consideration hearing.  Petitioner waived his right to personally appear before the Board but was represented by counsel.  The Board determined that:

    1.    The commitment offense was committed during a violent rage and in a cruel manner;

2.    Petitioner has an unstable social history as reflected by his abuse of illegal drugs and alcohol;

3.    Petitioner lacks viable parole plans; and

4.    Opposition to petitioner's release on parole was expressed by the Orange County District Attorney's Office.

II.

Petitioner seeks to vacate the Board of Parole Hearings' decision and secure his release on parole claiming essentially a denial of his federal and state constitutional right to due process and equal protection resulting from the Board's decision made without evidentiary support demonstrating that petitioner currently poses an unreasonable risk of danger to the public if he is released on parole.  He also maintains that his application for parole was denied individualized consideration as required by law.

III.

No prima facie case for relief on habeas corpus is established.  The determination made by the Board of Parole Hearings concerning petitioner's parole suitability is supported by some evidence in the record.  In reaching its decision, the Board reasonably relied upon the circumstances of the commitment offense.  (See Pen. Code, § 3041(b); Cal. Code of Regs., tit. 15, § 2402(b) and (c)(1)(D).)

During the early morning hours of September 24, 1985, the victim awoke her inebriated son in an effort to get him to go to work.  Petitioner had recently consumed beer, marijuana, and cocaine prior to going to sleep.  A verbal argument violently escalated into a physical altercation when petitioner secured a steak knife and stabbed

the victim. Petitioner strangled the victim with his hands until she lost consciousness. Petitioner then secured a neck tie and continued to strangle the victim until her body ceased moving. The victim's body was dragged into her bedroom and a pile of clothes placed on top of her face and upper torso. Petitioner disconnected the telephone line to effectively prevent the victim from calling for assistance in the event she was still alive. Petitioner then fled the country with the victim's wallet and vehicle. He was not apprehended until he attempted to re-enter the country from Mexico.

No abuse of discretion is evident in the finding made by the Board. Petitioner's violent actions towards his own mother and the cruel manner in which he killed the victim and handled her body demonstrate an appalling disregard for the victim's suffering and justify the Board's continued concern over petitioner's suitability for release on parole. Petitioner's decision not to appear at his own suitability hearing certainly did nothing to ameliorate such concern.

Some evidence in the record also supports the Board's finding that petitioner has an unstable social history as reflected by his admitted abuse of drugs and alcohol. It is true that petitioner's addiction is deemed to be in institutional remission. Nevertheless, petitioner conceded being under the influence of drugs and alcohol at the time of the commitment offense. Therefore, petitioner's unstable social history is relevant to the overall evaluation of his suitability for parole and justifies the Board's finding. No clear abuse of discretion is perceived. (See, Cal. Code of Regs., tit. 15, § 2402(b).)

The record before the Board further supports its finding that petitioner lacks viable parole plans at this time. While petitioner has completed a number of vocations and expressed the desire to reside with an uncle, there were no letters of support

offered to verify both residential plans and prospective job offers. No abuse of discretion is evident in this finding made by the Board. (See, Cal. Code of Regs., tit. 15, § 2402(b) and (d)(8).)

The Board finally relied on opposition to parole expressed by the Orange County District Attorney's Office. No abuse of discretion is perceived on this issue as the Board is statutorily required to consider the views of the People's representative when considering the parole suitability of a particular inmate. (See, Pen. Code, § 3046(c).)

The Board recognized petitioner's extensive accomplishments while in prison which include a discipline free record, educational and vocational programming, and a favorable psychological evaluation. The Board nevertheless found that the positive aspects of petitioner's prison record do not outweigh those circumstances pointing to unsuitability for release on parole at this time. Petitioner does not meet his burden of demonstrating arbitrary and capricious action on the part of the Board of Parole Hearings in a manner that runs contrary to due process principles[1]. Individualized consideration of petitioner's eligibility for parole was given and an adequate evidentiary basis exists for the Board's determination finding petitioner currently unsuitable for release on parole.

The Board has very broad discretion to identify and weigh the factors relevant to predicting by subjective analysis whether an inmate will be able to live in society without committing additional antisocial acts. (*In re Fuentes* (2005) 135 Cal.App.4th 152, 160.) In reviewing a parole suitability determination made by the Board of Parole Hearings, a

---

[1] As presented, the petition does not articulate a viable and meritorious argument supporting petitioner's alleged infringement of his constitutional right to equal protection.

court views the record in the light most favorable to that determination. (See, *In re Morrall* (2002) 102 Cal.App.4[th] 280, 301.)

Courts may review the factual basis of a decision of the Board denying parole in order to ensure that the decision complies with due process of law. However, courts may only inquire whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulation. (*In re Rosenkrantz* (2002) 29 Cal.4[th] 616, 658.)

The precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the Board of Parole Hearings, but the decision must reflect an individualized consideration of the specified criteria and cannot be arbitrary or capricious. It is irrelevant that a court might determine that the evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the decision reflects due consideration of the specified factors as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the decision. (*In re Rosenkrantz, supra,* 29 Cal.4[th] at 677.) This Court, as are all courts in this state, is bound by the law as established by the California Supreme Court on this issue. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

IV.

No prima facie case for relief is established. An order to show cause will issue only if petitioner has established a prima facie case for relief on habeas corpus.

1   (*People v. Romero* (1994) 8 Cal.4th 728, 737; *In re Clark* (1993) 5 Cal.4th 750, 769, fn.

2   9.)

3
        The petition for writ of habeas corpus is DENIED.
4

5

6

7

8   Dated: 8-23-06                              Kazuharu Makino

9                                        Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28