1   Keith MacMeekin
    CDC # D-30728
2   P.O. Box 689
    Soledad, CA 93960
3

4   In pro se

5

6

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11

12  In re:                          Case no. CV 07-3771 CRB (PR)

13      KEITH MacMEEKIN,            PETITIONER'S TRAVERSE TO
                                    RESPONDENT'S RETURN TO
14                                  PETITION FOR WRIT OF HABEAS
        on habeas corpus. /         CORPUS; POINTS AND AUTHORITIES
15

16

17

18

19                      COVER SHEET

20

21

22

23

24

25

26

27

28

1 | Keith MacMeekin
  | CDC # D-30728

FILED

2 | P.O. Box 689
  | Soledad, CA 93960

JAN 29 PM 1:35

3

4 | In pro se

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

12 | In re:                          Case no. CV 07-3771 CRB (PR)

13 |     KEITH MacMEEKIN,            PETITIONER'S TRAVERSE TO
                                     RESPONDENT'S RETURN TO
14 |                                 PETITION FOR WRIT OF HABEAS
             on habeas corpus. /     CORPUS; POINTS AND AUTHORITIES

15

16                                 TRAVERSE

17

18        Petitioner, proceeding pro se, hereby submits this

19   TRAVERSE TO RESPONDENT'S RETURN following the Court's Order

20   to Show Cause dated Nov. 16, 2007. Petitioner admits, denies

21   and alleges in reply to Respondent's allegations as follows:

22                                     I

23        Petitioner expressly re-alleges each and every factual

24   contention made in his Petition and accompanying Memorandum

25   and Exhibits previously filed in this Court and incorporates

26   them by reference as though fully set forth herein.

27                                    II

28        Petitioner denies allegations contained in ¶ 1 and submits

1 that he is being unlawfully held by Respondents. His Minimum
2 Eligible Parole Date (MEPD) was on 12-27-94, and with custody
3 credits he has served more than the minimum for FIRST DEGREE;

III

4

5     Petitioner admits allegations contained in ¶ 2;

IV

6

7     Petitioner admits the allegations contained in ¶ 3 but
8 submits that these allegations are taken from matters that
9 tragically transpired over 20 years ago and are unchangable
10 facts that have lost their viability to predict future behavior;

V

11

12     Petitioner admits allegations contained in ¶ 4 and submits
13 that the same reasons stated above apply here and further, that
14 these allegations were known to the various psychologists who
15 have testified that Petitioner is NOT a current threat to public
16 safety nor a risk to the community;

VI

17

18     Petitioner admits allegations contained in ¶ 5 and submits
19 that the same reasons stated above apply here and further, that
20 these allegations were known to the various psychologists who
21 have testified that Petitioner is NOT a current threat to public
22 safety nor a risk to the community;

VII

23

24     Petitioner admits allegations contained in ¶ 6 and submits
25 that immaturity and drug use are common among families of this
26 nature and even prevalent where a lack of role models exists
27 and the very fact the panel inserted their lay opinions and

28
                                    -2-

1  in effect overruled their OWN expert witness is illuminating;

2                                VIII

3      Petitioner denies allegations contained in ¶ 7;

4                                 IX

5      Petitioner denies allegations contained in ¶ 8 and submits

6  that the Doctor stated, "[I]nmate MacMeekin presents a well

7  below average risk for future violence ....";

8                                 X

9      Petitioner denies allegations contained in ¶ 9 and submits

10 that the lay opinions stated at the hearing do not apply here

11 and further, that  that  while it is mandated that P.C. §3042

12 Notices be sent to these same parties it is unsworn hearsay

13 and, as such, is not evidence having indicia of reliabiity;

14                                XI

15     Petitioner denies allegations contained in ¶ 10 and submits

16 that he cannot verify what he didn't hear;

17                               XII

18     Petitioner denies allegations contained in ¶ 11 and submits

19 that this was an unreasonable application of suitability factors;

20                               XIII

21     Petitioner denies allegations contained in ¶ 12 and alleges

22 that this only serves to facilitate the "no parole" policy and/or

23 practice  soundly  condemned  and  statistically  proven  to  a

24 certainty in Petitioner's attached Exhibit A;

25                               XIV

26     Petitioner denies allegations contained in ¶ 13 and submits

27 the same reasons stated in ¶ 9 apply here;

28
                                -3-

XV

Petitioner admits allegations contained in ¶ 14 but alleges that the appellate and supreme courts had an affirmative duty to reasonably apply the 9th Circuit's holdings as precedent based on repeated denials as noted in Exhibit A;

XVI

Petitioner denies allegations contained in ¶ 15 and submits that he has fully exhausted any impediment to federal review;

XVII

Petitioner denies allegations contained in ¶ 16 and submits it is unreasonable to continue to argue this illogical argument when various courts have condemned these specious assertions;

XVIII

Petitioner denies allegations contained in ¶ 17 and submits the salient fact Respondents equate federally-protected liberty interests with a prison disciplinary matter is bereft of logic and not only does the court have jurisdiction but this alleg-ation smacks of usurpation of the Court's prerogatives;

XIX

Petitioner denies allegations contained in ¶ 18 and submits that Respondents are fully versed in the knowledge that a federal AND state liberty interest exists in behalf of Petitioner and that they acknowledge as much by citing Sass, at p. 6 of the Return but only acknowledge federal court precedent when it suits their cant and are being duplicious;

XX

Petitioner denies allegations contained in ¶ 19 and submits

-4-

1 | that Petitioner has correctly stated the appropriate standard
2 | of evidence in the allegations in his Petition;
3 | XXI
4 | Petitioner denies allegations contained in ¶ 20 and submits
5 | that the same reasons stated above apply here;
6 | XXII
7 | Petitioner denies allegations contained in ¶ 21 and Exhibits
8 | attached to his Petition as well as the various cites contained
9 | therein are wholly substantiated by the Santa Clara County
10 | Superior Court, case no. 71194: In re Jameison, which Order
11 | is attached as Exhibit A, offers statistically-verified proof
12 | of the allegation of a "no parole" policy systematically being
13 | utilized over many years to deny suitability and parole;
14 | XXIII
15 | Petitioner denies allegations contained in ¶ 22 and submits
16 | the parroting of the illegal policies is unavailing;
17 | XXIV
18 | Petitioner admits allegations contained in ¶ 23 and submits
19 | the same reasons stated above apply here;
20 | XXV
21 | Petitioner denies allegations contained in ¶ 24 and submits
22 | the same reasons stated above apply here;
23 | XXVI
24 | Petitioner denies allegations contained in ¶ 25 and Irons
25 | v. Carey (9th Cir. 2007 [Irons II]) 479 F.3d 658, 662; 505 F.3d
26 | 846, 853 [Irons III], as well as In re Dannenberg (Cal.App.
27 | 6 Dist. 2007) 68 Cal.Rptr.3d 188, 19 6; In re Hayward (9th Cir.
28 | 2008) 2008 DJDAR 93, 95, sustains this to the nth degree;

XXVII

Petitioner denies allegations contained in ¶ 26 and submits _Irons_, _Sass_, _Hayward_, _Dannenberg_, supra, have certainly established there are grounds for relief and that these matters are being more fully resolved in numerous state and federal courts and the resolution is not theirs to make and should not be seriously entertained when this Court hasn't yet ruled nor held an evidentiary hearing as warranted;

XXVIII

Petitioner denies allegations contained in ¶ 27 and submits this Court is empaneled with plenary powers to establish any remedy that would be deemed appropriate for relief;

XXIX

Petitioner admits allegations contained in ¶ 28;

XXX

Petitioner denies allegations contained in ¶ 29 and submits that only an evidentiary hearing can fully resolve the rights alleged by Petitioner to have been abridged by Respondents;

XXXI

Petitioner denies allegations contained in ¶ 30 and submits these allegations were known to the various psychologists who have testified that Petitioner is NOT a current threat to public safety nor a risk to the community;

XXXII

Except as expressly admitted or submitted herein, Petitioner denies each and every allegation contained in Respondent's Return and respectfully submits the meritorious points raised in his

-6-

1  Petition  and  Traverse  is  dispositive  and  worthy  of  due
2  consideration prayed for and justly warranted.

3

4      Accordingly, Petitioner  prays  that  the  writ  be  granted
5  and all relief prayed for therein be Ordered.

6

7      Respectfully submitted this 24th day of January, 2008.

8

9

10

11                                        Keith MacMeekin, pro se
12

13  ///

14  ///

15  ///

16

17

18

19

20

21

22

23

24

25

26

27

28                              -7-